FLORIDA SOUTHERN RAILWAY COMPANY, PLAINTIFF IN ERROR, VS. L. B. PARSONS, DEFENDANT IN ERROR.

1. The question of whether a plat or map offered in evidence is a correct representation of physical objects in reference to which testimony is introduced, is for the court to decide primarily, and the decision of the court admitting such plat or map in evidence for the auxiliary purpose of enabling witnesses to explain their testimony will not be reversed unless it is clearly shown that error was thereby committed.

2. In an action of trespass to recover damages for constructing a railroad across lots and streets laid off on a town plat, and the record of the plat is offered to show that the tract of land had been laid off into such town lots and streets, and the plat itself shows that when it was made and recorded the road had been constructed across the lots and street, it is error to admit the plat for the purpose stated, without proof that the land had been platted and dedicated as a town plat before the road was constructed. The damage in such a case is of a permanent nature consisting in the construction of the railroad, and the railroad company is only liable for the damages to the land as it was when the road was built.

Writ of Error to the Circuit Court for Hernando county.

The facts in the case are stated in the opinion of the court.

*J. B. Wall* and *R. W. Davis* for Plaintiff in Error.

*T. M. Shackleford* for Defendant in Error.

MABRY, J.:

Parsons sued the Florida Southern Railway Company in an action of trespass, and the declaration alleges, in substance, that the company through its officers, agents and contractors on the 10th day of Au-

gust, 1885, and on divers other days between that day and the institution of the suit, with force and arms, broke and entered certain closes situated in said county, and described as the W. ½ of the N. W. ¼ of section 26, township 22 S., R. 19 E., and lots numbered 3, 4, 5, 7, 11, 12, 14, 15 and 21 in Parsons' addition to the town of Brooksville, according to the official plat of the same, and situated in the E. ½ of the N. E. ¼ of section 27, township 22 S., R. 19 E., of which plaintiff was seized and possessed in fee, and dug excavations and ditches in all of said closes, threw up embankments, made grades for a railroad, and placed cross-ties and iron thereon, and appropriated the said portions of said closes to its own use, and continued to maintain said ditches, excavations and embankments up to the commencement of the suit; thereby depriving the plaintiff of the benefits and advantages which he might and otherwise could have derived from the said closes, as well as materially lessening the market value of the same. And further, that plaintiff was seized and possessed of the soil of certain streets sixty feet wide, running through the said E. ½ of the N. E. ¼ of section 27, township 22 S., R. 19 E., to-wit: a certain street immediately north of said lot 4, and those certain streets situated between and separating said lots 3 and 4, 3 and 7, 7 and 11, 11 and 12, 12 and 15, 13 and 14, 14 and 21, and that street lying immediately west of lot 5; and that the defendant company through its officers, agents and contractors, on the 10th day of August, 1885, and on divers other days between that day and the commencement of the suit, with force and arms entered upon said streets and dug therein excavations and ditches, threw up embankments, made grades for a railroad and placed cross-ties and iron thereon, and

appropriated said places in said streets to its own use by taking possession of the same and constructing a railroad thereon, and continued to use the same up to the institution of the suit, thereby preventing plaintiff from using said streets or lots abutting thereon in so large and ample a manner as he might and otherwise could have done, and thereby materially lessening the market value of said closes. The total damages claimed was $5,000. The company interposed the plea of the general issue, and on the trial plaintiff obtained judgment for $1,070.

The first assignment of error argued here is that "the court erred in overruling objection to the introduction in evidence of the plat or map of the land in controversy, on the ground that the same was not a certified transcript from any record, and that said plat or map had not been shown by the testimony to be correct."

Plaintiff offered in evidence a plat of the land in question, and it was ruled out by the court on the ground that it had not been shown to be correct. The book of records of town plats of Hernando county was then produced, and the circuit clerk testified that a certain page in the book referred to contained the record of the plat of L. B. Parsons' addition to the town of Brooksville. Plaintiff then offered the record of the plat in evidence "to show that that tract of land had been divided into town lots and official record made of the same." Objection was made to the introduction of the record "because not a transcript, and, second, because it has not been shown to be a correct plat of the lands in question." The court ruled as follows: "That is a question for the jury to determine," and an exception was taken to this ruling admitting the record of the plat in evidence. A copy of the

recorded plat is in the transcript before us, and it appears from it that a portion of the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 27, township 22 S., R. 19 E., one of the tracts described in the declaration, was laid off into lots separated by streets, and there is also distinctly traced on the plat the line of the "Fla. Sou. R. R." and a "Y" across said land, and the lots laid out thereon. The suit, as will be seen from the declaration, is for damages for trespassing upon the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 26, township 22 S., R. 19 E., and the lots and streets in Parsons' addition to Brooksville laid out on the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 27, township 22 S., R. 19 E., and for constructing a railroad thereon. Such an injury is of a permanent nature consisting in the construction of and putting in operation the railroad, and a recovery for such an injury will include all the damages to which the land owner is entitled from such source, (Jacksonville, T. & K. W. Ry. Co. vs. Lockwood, decided at this term). The record of the plat objected to in this case was introduced in evidence on the trial in November, 1889, but there is nothing on the copy of the plat in the transcript to indicate when the original was recorded, nor is there any testimony before us to show this fact, further than the showing that it was of record in November, 1889. The location of the line of road and "Y" over the land and lots distinctly appears, as already stated, on the recorded plat, and we must conclude from this fact that the road was located over the land when the plat was made. The plaintiff was the owner of the land platted, and the record of the plat by him may be entirely sufficient to show a dedication of the streets thereon and the location of the lots in respect thereto as a town plat. (Winter vs. Payne, decided at this term).

A material question, however, in this case is whether the plat was made and recorded before the road was constructed or afterwards, as the company was liable for the damage to the land in the condition it was in when the road was constructed. The evidence furnished by the plat introduced, and which must control us, is that when it was recorded the road extended over the land, and the witnesses for plaintiff in estimating the amount of his damages took into consideration the injury and damages to the lots. A plat or diagram of land shown to be a correct representation of land in reference to which witnesses testify is admissible for the auxiliary purpose of enabling them to more perfectly explain their testimony to the jury, but whether such plat or diagram has been shown to be correct is a question primarily for the trial court, (Adams vs. State, 28 Fla., 511, 10 South. Rep., 106; Ortiz vs. State, 30 Fla., 256, 11 South. Rep., 611). The decision of the trial court admitting a plat or diagram in evidence for the *auxiliary purpose* of enabling witnesses to explain their testimony to the jury will not be reversed, unless it is clearly shown that error was thereby committed. In the present case the record of the plat was introduced by plaintiff, as the bill of exceptions states, for the purpose of showing that the tract of land had been divided into town lots and an official record made of the plat. The damages recovered is an entire sum including the injury to the land not platted, as well as that portion laid off into town lots. The court erred, in the first place, in holding that the question of whether the plat was a correct representation of the land was one for the determination of the jury; and, in the next place, in allowing the plat to go to the jury to show that the land covered by it had been laid off and dedicated as town lots,

without evidence that this had been done before the road was constructed. The testimony shows that the streets laid out on the plat had not been cut out up to a few days before the trial, and the ruling of the court in admitting the plat under the circumstances was erroneous, and we can not say on the record that it was not prejudicial to the defendant.

The other points presented need not be considered. Judgment reversed and new trial awarded.