# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS THE DISTRICT COURTS, AND THE COMMERCE COURT

---

SOUTHERN HARDWARE & SUPPLY CO. v. CLARK.

(Circuit Court of Appeals, Fifth Circuit. December 31, 1912.)

No. 2,378.

**1. SALES (§ 451*)—CONTRACTS—WHAT LAW GOVERNS.**

A conditional sale contract between a seller residing in Alabama and a buyer residing in Florida for the sale of chattels in Florida is not within Code Alabama 1907, § 3394, providing for the recording of contracts of conditional sales to make them valid as against judgment creditors without notice.

· [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1323; Dec. Dig. § 451.*]

**2. CHATTEL MORTGAGES (§ 6*)—NATURE OF INSTRUMENT—"CONDITIONAL SALE OR MORTGAGE."**

An agreement binding a party thereto to pay the adverse party a specified sum on a specified date for the price of an automobile previously delivered to the party, and stipulating that the title shall remain in the adverse party until the price is paid, and that in case of default the adverse party may take possession of the automobile and sell it, is a "conditional sale" and not a chattel mortgage within Gen. St. Fla. 1906, § 2496, requiring the recording of chattel mortgages to make them effective against creditors, and no title passes to the party where he fails to pay the price.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 23–41; Dec. Dig. § 6.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.

For other definitions, see Words and Phrases, vol. 2, pp. 1408–1410.]

**3. SALES (§ 468*)—CONTRACTS—PASSING OF TITLE.**

Where a buyer is by the contract required to do something as a condition precedent to the passing of the title, the title will not pass until the condition is fulfilled, though there is a delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1354, 1355, 1358–1364; Dec. Dig. § 468.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. BANKRUPTCY (§ 140*)—PROPERTY OF BANKRUPT—CONDITIONAL SALES.

       Where no title passed to a buyer in a conditional sale contract because of his failure to pay the price-prior to his becoming a bankrupt, no title passed to his trustee.

       [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Action by the Southern Hardware & Supply Company against M. E. Clark, trustee in bankruptcy of the estate of Benn & Roberts, bankrupts. From a decree denying relief, plaintiff appeals. Reversed and remanded.

John C. Avery, of Pensacola, Fla., for appellant.

George W. P. Whip, of Pensacola, Fla., for appellee.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

SHELBY, Circuit Judge. The appellant, a corporation, and Benn & Roberts, a firm composed of W. J. Benn and H. J. Roberts, entered into the following agreement:

"2490.
"$1600.00.                         Mobile, Ala., 3/4/11.  190.
    "162490.

    "Eighty days after date, for value received, we promise to pay to the order of the

    "Southern Hardware & Supply Co., Mobile, Ala., sixteen hundred and $no/_{100}$ dollars, with interest at the rate of 7 per cent. per annum, until paid. Negotiable and payable at the City Bank & Trust Company, as part of purchase price of the following described property, to wit:

    "Chalmers Touring Automobile, #1266, complete as per catalogue specifications with all extra equipments.

    "This note is one of a series of 4 notes which is given as a part of the purchase money of the above-described property, and it is expressly understood, and agreed by and between all parties herein concerned, that all rights, title and interest in and to the above-described property is to remain in the name of the Southern Hardware & Supply Co., its successors or assigns, until all the purchase notes given in payment of the above-described property are fully paid, and should the purchaser make other purchases and become indebted in additional sums of money to the said Southern Hardware & Supply Company, then the above-described property shall stand as security for goods thus purchased until the purchase money for said property and all indebtedness to the said Southern Hardware & Supply Co. is fully paid; and that the said Southern Hardware & Supply Co., its successors and assigns, shall and hereby does have the right and privilege of taking and removing all of said property at its option, without notice to the purchaser, should any part of said purchase money and other indebtedness be not paid when due. In event that Southern Hardware & Supply Co. should take possession of said property as above provided, it may sell the same at auction to the highest bidder for cash, and shall credit the proceeds of said sale, first, to the cost and expenses of taking possession of said property and such reasonable attorney's fees as may be incurred; second, to the amount of other indebtedness, if any, created since the execution of this contract; third, upon the unpaid balance of said notes should there be any surplus after paying all debts and expenses due the Southern Hardware & Supply Co., the same to be paid over to the undersigned.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"It is understood and agreed to further secure the payment of the said purchase money, when due, and any other indebtedness, all rights of exemption under the Constitution and laws of the state of Alabama, or any other state, is hereby expressly waived by the makers and indorsers thereof, who also waive demand and notice and protest, and who further agree that if this note is not paid at maturity, to pay all costs that may be incurred in collecting same, including attorney's fees. It is also understood that the above-described property shall be regarded as personalty until the purchase note and all other indebtedness due to Southern Hardware & Supply Co. has been paid.

"Signed and delivered this the 4th day of March, 1911.

"Benn & Roberts, per H. J. Roberts.

"In the presence of Anita McDonald."

The appellant, at the date of the contract, was engaged in business at Mobile, Ala. Benn & Roberts were engaged in the businsss of selling automobiles at Pensacola, Fla. Some time before the date of the contract, the automobile described therein, which was the property of the appellant, was delivered to Benn & Roberts as a "demonstrating car." It was so held by them at Pensacola, Fla., when the written agreement was made. Benn & Roberts never paid for the car. It does not clearly appear from the record that they ever made any payment on the purchase price. On January 18, 1912, while still in possession of the automobile under the contract, Benn & Roberts, on their voluntary petition, were adjudicated bankrupts. The appellee, M. E. Clark, was appointed trustee of the bankrupts, and took possession of the automobile as an asset of their estate. The appellant sued the trustee for it in the court below, alleging the foregoing facts, and also averring that the agreement between the appellant and the bankrupts "is in legal effect a retention of title to the said automobile by your petitioner," and a consent to such retention of title by the bankrupts. And petitioner, the appellant in this court, prayed:

"That the court may adjudicate that the said automobile is its property, and order the said trustee (the appellee here) to deliver the same to petitioner."

The trustee answered, denying that there was retention of title, and alleging that the agreement was, in effect, a mortgage, but that it was not available as against the trustee because it was never duly recorded. The referee decided that the automobile was the property of the appellant, and ordered that the trustee deliver it to the appellant. On petition for review, presented by the trustee to the District Court, the order of the referee was reversed; the court holding that the "instrument is a chattel mortgage."

[1] There is an Alabama statute which requires contracts of conditional sale, to make them valid as against judgment creditors without notice thereof, to be recorded in the county in which the party lives who obtains possession under the contract; and also in the county where the property is delivered and remains; and in the county to which it is removed. Code of Alabama 1907, § 3394. But the purchasers lived in Florida, and the property was in that state, and remained there. The Alabama statute, of course, has no extraterritorial force to require registration of instruments in Florida, and is not applicable to this case.

[2] There is a statute of Florida which requires the recordation of chattel mortgages to make them effective against creditors (General Statutes of Florida 1906, § 2496), and the agreement was not so acknowledged or proved as to permit its record as a chattel mortgage (Id. § 2497). It is contended by the appellee that the agreement is a chattel mortgage, and that the failure to properly acknowledge and prove it and to duly record it is fatal to appellant's rights as mortgagee, because the trustee is vested with the rights of a creditor holding a lien by virtue of the amendment to the Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), passed June 25, 1910 (chapter 412, 36 Stat. 838, 840 [U. S. Comp. St. Supp. p. 1491]).

There is no statute of the state of Florida that requires a contract of conditional sale to be recorded. Campbell Mfg. Co. v. Walker, 22 Fla. 412, 1 South. 59. If the agreement in question, therefore, is not a mortgage, neither the recordation statutes of Florida nor the said amendment to the bankruptcy law has any application.

If the agreement between the appellant and the bankrupts is a conditional sale, the appellant is entitled to recover the property, for the vendees, in such case, having no title, can pass none to others, and none passed to the trustee.

The proper decision of the case depends on the construction of the contract in question.

It appears from the record that the appellant furnished the bankrupts with four or five automobiles besides the one in litigation, and that it was understood between the appellant and the firm that the latter was to sell them, but only with the consent and approval of the appellant, to be obtained when an offer to purchase was made. The course of dealing between the parties was that the appellant retained the title and the right to approve or disapprove of any proposed sale. All of the machines were disposed of by the firm, excepting the one here in dispute, and no question about them is involved in this case. The evidence offered in reference to them is of no service or relevancy in this case, unless, perhaps, it tends to show the course of dealing between the parties. The contract here involved, however, is in writing, and is sufficiently clear to show what was intended. There is an express retention of title by the seller until the buyer pays for the property. The language is that it is "agreed by and between all parties herein concerned that all rights, title and interest in and to the above-described property is to remain in the name of the Southern Hardware & Supply Co., its successors or assigns, until all the purchase notes given in payment of the above-described property are fully paid. * * *"

[3] When the buyer is, by the contract, bound to do something as a condition precedent to the passing of the title to the property, the title will not pass till the condition is fulfilled, although the property is delivered into the possession of the buyer. The buyer, in such case, acquires no property in the thing bought. He is only a bailee for a specific purpose. The delivery of possession, which, in ordinary cases, passes the title, can only have that effect when the condi-

tion is fulfilled—when, in a case like this, the purchase money is paid. Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285. This rule is recognized in Alabama, where the contract was made (Sumner v. Woods, 67 Ala. 139, 42 Am. Rep. 104; Weinstein v. Freyer, 93 Ala. 257, 9 South. 285, 12 L. R. A. 700); and in Florida, where the property was held and used at the date of the contract, and where it remains (Mizell Live Stock Co. v. McCaskill Co., 59 Fla. 322, 51 So. 547, 548; Campbell Mfg. Co. v. Walker, 22 Fla. 412, 1 South. 59). The agreement in the case at bar contains a provision, ordinarily found in chattel mortgages, which authorized the seller, on default of payment of the purchase money, to take possession of the property and sell it. But the contract in Harkness v. Russell, supra, contained a like provision, and it was held to be a conditional sale. And it is also true that the agreement in the case at bar contains a stipulation that, in case the buyer should make other purchases, the property in question here should stand as security for the price. But we cannot see that such stipulation in any way affects the agreement, in reference to the automobile here in question, that the title shall not pass till the purchase money is paid. The agreement in Mizell Live Stock Co. v. McCaskill Co., supra, contained a similar stipulation as to other debts, and yet the court held it to be a conditional sale.

Our attention is called to Chicago Railway Equipment Co. v. Merchants' Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349, and it is argued that that case sustains the contentions of the appellee. In that case, the court said that, with the principles laid down in Harkness v. Russell, supra, "we are entirely satisfied." It is true that the contract the court was then considering was held to be a mortgage, it being in the form of a series of notes for the purchase of freight cars, the title to which was to remain in the seller till the notes were paid. But the contract contained the provision that all of said notes were "equally and ratably secured on said cars." The court, observing that "each case must depend upon its special circumstances," held the contract to be a mortgage.

We find nothing in the case at bar to take it out of the rule announced in Harkness v. Russell, supra.

[4] We are of the opinion that, by the agreement, no title passed to Benn & Roberts, they having failed to pay for the automobile, and, as they had no title, none passed to their trustee. An order should have been made to deliver the property to the appellant.

The decree of the District Court is reversed, and the cause remanded for further proceedings in conformity to the opinion of this court.