## In re ROELLICH.

(District Court, D. Oregon. April 26, 1915.)

### No. 3157.

BANKRUPTCY &⟶140—PROPERTY PASSING TO TRUSTEE—"CONDITIONAL SALE."

Where goods were consigned to a merchant under a contract by which he was to pay the freight thereon, insure and store the goods, and be responsible for all damages while they were in his possession, and to sell the goods as fast as possible for cash or on six months' time on notes which he was to guarantee, and on settlement he was to receive a commission, the amount of which was not specified, the contract was a conditional sale, which was void as against the creditors of the merchant on his becoming a bankrupt, not a consignment for sale on commission, and the trustee in bankruptcy is entitled to the goods as against the sellers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. &⟶140.

For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

In Bankruptcy. Proceeding against one Roellich. On motion to review an order of the referee denying the petitions of certain creditors for goods claimed to have been delivered to the bankrupt on consignment. Order of the referee confirmed.

Sidney Teiser, of Portland, Or., for trustee.

Dolph, Mallory, Simon & Gearin and H. S. Lusk, all of Portland, Or., for Studebaker Co.

George W. Stapleton, of Portland, Or., for Mitchell, Lewis & Staver Co.

BEAN, District Judge. This matter was submitted on a motion to review an order of the referee in bankruptcy denying the petitions of Mitchell, Lewis & Staver Company and the Studebaker Company for reclamation of certain goods, which they claimed to have delivered to the bankrupt on consignment. The question involves the construction of the contracts between the petitioners and the bankrupt.

The Mitchell, Lewis & Staver Company contract is probably the strongest in favor of the petitioners' claims, and presents the question for decision more distinctly than the other. By its terms the Mitchell, Lewis & Staver Company agree to furnish Roellich, who was engaged in the retail business, certain goods from time to time. Roellich was to receive the goods, pay all the freight, insurance, and other charges, store them free, and be responsible for all damage to them while in his possession, and to keep the goods fully insured. He was to sell them

as far as possible for cash, or on notes, six months' time, keep the money and notes separate from his other business, was to indorse and guarantee the payment of the notes, and forward them to Mitchell, Lewis & Staver Company. Upon final settlement the bankrupt was to receive a commission, not specified, for handling the goods. It was further provided that, if the Mitchell, Lewis & Staver Company so elected, they might charge all the goods remaining unsold on a certain date to Roellich and require him to pay for them. The question presented is whether the agreement constituted a consignment or such a conditional sale as under the laws of Oregon is void as to creditors.

The rule in this court, as announced by Judge Bellinger in the Rasmussen Case (D. C.) 136 Fed. 704, is that where property is delivered to the vendee for sale in the usual course of business as a merchant, and the various provisions relating to the ownership and possession are mere contrivances to secure the purchase price to the vendor, the transactions are fraudulent in law as against other creditors of the vendee. There are many decisions to be found in the books construing so-called consignment contracts, and the decisions are apparently not uniform; but I take it the doctrine of the Rasmussen Case is the rule of this court and should be adhered to.

Applying that rule, it is quite apparent the contracts in suit are void as to creditors. There is no difficulty in framing contracts of this character in such language that there can be no controversy as to the legal effect, and where goods are delivered to a retail merchant, to be sold by him in the ordinary course of business under a contract that is ambiguous, and with as many contradictory provisions as these have, I think it is but fair to hold that, if the merchant subsequently becomes bankrupt, the vendor cannot be permitted to reclaim the goods, because he could make the contract perfectly clear, if he desired to do so.

In this case the vendors seem to have intended to place themselves in a position so that the contract might be considered a sale or consignment as their subsequent interests might suggest. The judgment of the referee is therefore confirmed.

The same order will be made on the Studebaker petition, because that contract is not so strong in its terms as the Mitchell, Lewis & Staver Company contract.