GENERAL SECURITIES CO., Inc., v. DRISCOLL.

(Circuit Court of Appeals, Fifth Circuit. March 17, 1921.)

No. 3648.

Bankruptcy ⊂⇒184(1)—Chattel mortgage on automobile kept by mortgagor for sale void against his trustee.

Under the law of Florida that a chattel mortgage on merchandise, though recorded, is void as against creditors of the mortgagor, if he is authorized by agreement or understanding with the mortgagee to retain possession of and sell the mortgaged property, a mortgage on an automobile, given by a dealer, who by permission of the mortgagee kept it in his salesroom for sale until his bankruptcy, *held* void as against his trustee, under Bankruptcy Act, § 47a (Comp. St. § 9631).

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of A. L. Hallbauer, bankrupt; P. W. Driscoll, trustee. On petition of the General Securities Company, Incorporated, to revise order of District Court. Affirmed.

James J. A. Fortier and Abraham Goldberg, both of New Orleans, La., for petitioner.

William H. Jackson and Martin B. Withers, both of Tampa, Fla., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The petitioner claimed a described automobile under a mortgage made to it on January 20, 1920, and recorded on January 24, 1920. The mortgagor, A. L. Hallbauer, was adjudged bankrupt in an involuntary proceeding commenced on May 8, 1920, and the mortgaged automobile, which had remained in the possession of the bankrupt in his salesroom, went into the possession of the respondent, the trustee in bankruptcy. The court's ruling against the claim asserted by the petitioner was based upon a finding that petitioner, with full knowledge of the facts, permitted the mortgagor, who was a dealer in automobiles, doing business in the city of Tampa, to remain in the possession of the mortgaged automobile, to offer it for sale in his salesroom, where such automobiles were exhibited for sale, and deal with it as his property, which he had full right and power to sell.

The rule prevails in Florida that a mortgage of the whole or a part of a stock of merchandise is rendered fraudulent and void as to creditors of the mortgagor by an agreement or understanding between the mortgagor and the mortgagee, whether expressed in the mortgage or not, that the former retain possession and sell the mortgaged property at discretion, or in the usual course of business. First National Bank of Pensacola v. Wittich, 33 Fla. 681, 15 South. 552. The existence of such agreement or understanding, and conduct in pursuance thereof, are inconsistent with the mortgage being effective as against those having dealings with the mortgagor, and to give effect to the mortgage under such circumstances would enable the mortgagor to defraud third persons—his creditors or purchasers from him. Boice v. Finance & Guaranty Corporation (Va.) 102 S. E. 591. The harmful consequences to third persons of so conferring on the possessor apparent ownership and right of disposition are not obviated by a record of the mortgage.

The claim of the petitioner was not made a valid one by the circumstance that the mortgage was recorded, as the reason for giving the invalidating effect to the permitted retention of possession by the mortgagor, for the purpose mentioned, existed, notwithstanding the recording of the instrument. There is nothing in the record to indicate that it was part of the agreement or understanding between the mortgagor and the mortgagee that, in the event of a sale of the automobile by the former, the proceeds of the sale would be applied on the mortgage debt.

The question whether a stipulation to that effect would have made the transaction valid as against the mortgagor's creditors is not presented.

The trustee acquired the status of a lien creditor as of the time when the petition in bankruptcy was filed. Bankruptcy Act, § 47a (Comp. St. § 9631); Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275. The retention up to that time of possession by the mortgagor under the circumstances above stated kept the mortgage from being valid as against the bankrupt's creditors. As conditions existing up to the time the petition was filed were such as to deprive the mortgagee of a claim valid as against the mortgagor's creditors, the right conferred on the petitioner by the mortgage was subordinate, not paramount, to that acquired by the mortgagor's trustee in bankruptcy. American Bridge Co., v. Heidelbach, 94 U. S. 798, 24 L. Ed. 144; Freedman's Savings & Trust Co. v. Earle, 110 U. S. 710, 4 Sup. Ct. 226, 28 L. Ed. 301.

The conclusion is that the court properly ruled against the claim asserted by the petitioner.

The petition is denied.