In re SHIFFERT.

(District Court, E. D. Pennsylvania. June 20, 1922.)

No. 7433.

1. Bailment ⬤—1—Involves delivery of property for a special purpose and return.

A bailment always involves a delivery of the property bailed for some special object or purpose, and on a contract, express or implied, that the trust shall be executed and the property returned by the bailee as soon as the purposes of the bailment shall be answered.

2. Bankruptcy ⬤—140(1)—Sales ⬤—454—Trust agreement concerning automobile held to constitute conditional sale, and seller was not entitled to reclaim from trustee in bankruptcy.

A "trust agreement," providing that one subsequently becoming bankrupt took no title to an automobile, and accepted it in trust as bailee, and agreed to redeliver it to the motor company on demand, the motor company agreeing to sell the automobile to the bankrupt at a price for which the bankrupt gave his promissory note, the trust agreement to be surrendered when the note was paid, was a conditional sale, and not a bailment, and the motor company was not entitled to reclaim it as against the trustee in bankruptcy.

In Bankruptcy. In the matter of the estate of Frank J. R. Shiffert, voluntary bankrupt. On certificate for review of referee's order on petition of the B. L. P. Motor Company, Inc. Petition dismissed, and order affirmed.

Henry B. Friedman, of Allentown, Pa., for trustee.
Dallas Dillinger, of Allentown, Pa., for claimant.

THOMPSON, District Judge. The petitioner claimed property in an automobile delivered to the bankrupt on October 8, 1921, under the following agreement:

"Trust Agreement.

"Received in trust from the B. L. P. Motor Company, Inc., a corporation with its main office in Philadelphia, Pennsylvania, the following described personal property, to wit: One model 6-D Premier touring car No. 5918, motor 5884. It being expressly understood and agreed by the undersigned that it takes no title to the above-described automobile, and that it accepts said property in trust as bailee for the B. L. P. Motor Company, Inc., and agrees that it will deliver said automobile to the B. L. P. Motor Company, Inc., on demand.

"The B. L. P. Motor Company, Inc., agrees, however, to sell said automobile to the undersigned on payment to it of the sum of thirty-two hundred

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

two dollars and fifty cents and interest on said sum at the rate of 6 per cent. per annum from the date hereof to the date of such purchase. It being understood that the undersigned, F. J. R. Shiffert, executed and delivered to the B. L. P. Motor Company, Inc., its promissory note, due on or before ninety days after October 8, 1921, for the sum of $3,202.50, bearing interest at 6 per cent. per annum from said date, with the understanding, however, that *when said note is paid*, the B. L. P. Motor Company, Inc., will surrender this trust agreement and convey title to said car to the undersigned, F. J. R. Shiffert, but the undersigned takes no title to said car until said note is paid and this trust agreement surrendered.

"Executed this 8th day of October, 1921."

On the same day the bankrupt made and delivered to the petitioner his promissory note in the following form:

"$3,202.50.            Phila., Pa., Oct. 8, 1921.

"90 days after date I promise to pay to order of B. L. P. Motor Co., M., $3,202.50, at 502 N. Broad St., Phila., Pa., without defalcation, for value received with interest at 6 per cent. per annum, covering model 6–D Premier touring car No. 5918, motor No. 5884. No. ———. Due ———.

"F. J. R. Shiffert"

The note was unpaid, and the automobile was in the possession of the bankrupt at the time of bankruptcy. The referee found that the contract was one of conditional sale, and not of bailment, and entered an order dismissing the petition for reclamation. Upon this order the claimant filed his petition for certificate of review.

It will be noted that the "trust agreement" provides that the bankrupt takes no title to the automobile; that he accepts it in trust as bailee for the Motor Company, and agrees to deliver it to the Motor Company on demand. The Motor Company agrees to sell the automobile to the bankrupt at a price for which the bankrupt gives his promissory note, and when the note is paid the Motor Company will surrender the trust agreement and convey title to the bankrupt.

[1] A bailment always involves a delivery of the property bailed for some special object or purpose, and upon a contract, express or implied, that the trust shall be executed and the property returned by the bailee as soon as the purposes of the bailment shall be answered. 2 Kent, Comm. 559; Krause v. Commonwealth, 93 Pa. 418, 39 Am. Rep. 762.

[2] While under the agreement the automobile was accepted "in trust as bailee," the terms of the trust are neither expressed or implied, so as to have any other object or purpose than possession without title pending the payment of the note, with redelivery on demand, and the clear intent of the agreement is that redelivery shall be conditional upon the note not being paid, but title is to pass if the note is paid. This being the case, the agreement has all of the elements of a conditional sale, and lacks the elements of a bailment, notwithstanding the acceptance of delivery is stated to be "in trust as bailee."

The learned referee was clearly right in his conclusions and order. The petition is dismissed, and the order affirmed.