### RELIANCE SHOE CO. v. MANLY.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2647.

1. **Bankruptcy ⬿140(1⅜)—Whether contract is sale or consignment does not depend on parties' designation of transaction.**

Whether contract of bankrupt is consignment or sale must be determined from careful consideration of entire language used, and court is not bound by the description of the transaction which is contained in the contract.

2. **Bankruptcy ⬿140(1⅜)—Instrument providing for consignment of shoes to bankrupt, which required bankrupt either to pay invoice price in cash or to make up difference in case goods were returned, held not consignment contract (Code Pub. Gen. Laws Md. art. 21, § 55).**

Contract for consignment of shoes to bankrupt, which gave bankrupt no right to return

the merchandise, except for failure to conform with sample, and required it to pay invoice price in cash, or to make up the difference in case merchandise was returned and sold at a less price, and providing no title should vest in bankrupt, was required to be recorded under Code Pub. Gen. Laws Md. art. 21, § 55, and was not mere contract for consignment, in proceedings to reclaim the shoes from the bankrupt's trustee.

3. **Bankruptcy** ⊂⇒140(1⅝)—**Trustee held entitled, as against conditional seller of bankrupt, to assert invalidity of unrecorded conditional sales contract (Code Pub. Gen. Laws Md. art. 21, § 55).**

Trustee in bankruptcy *held*, entitled to assert rights of creditors, and to claim invalidity of unrecorded conditional sales contract covering goods shipped to bankrupt, under Code Pub. Gen. Laws Md. art. 21, § 55, in proceedings by the seller to reclaim the property under alleged consignment contract.

Appeal from the District Court of the United States for the District of Maryland at Baltimore; Morris A. Soper and William C. Coleman, Judges.

Action by the Reliance Shoe Company against George W. Manly, trustee in bankruptcy for Irving W. Eichengreen and another, individually and trading as Eichengreen & Co., and the Bristol Shoe Stores, bankrupts. From an adverse decree (18 F. [2d] 101), plaintiff appeals. Affirmed.

Edgar Allan Poe, of Baltimore, Md. (Bartlett, Poe & Claggett, of Baltimore, Md., on the brief), for appellant.

G. Ridgely Sappington, of Baltimore, Md. (Charles G. Baldwin, of Baltimore, Md., on the brief), for appellee.

Before WADDILL and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

HAYES, District Judge. This is an appeal by the Reliance Shoe Company from a decree refusing to permit it to reclaim certain shoes in the possession of the trustee in bankruptcy of Eichengreen & Adler, bankrupts. The opinion of the District Court is reported in 18 F.(2d) 101. The entire contract between Eichengreen & Co., and the Reliance Shoe Company and the contract on the part of Reliance Shoe Company with Eichengreen & Co. not to record the contract between the parties are set out in full in that opinion. The appellant contends that the contract, properly construed, is one of consignment, which was not required to be registered under the laws of Maryland. If this contention is correct, the decree below should be reversed.

On March 3, 1926, the date of the contract in question, Eichengreen & Co. owed the Reliance Shoe Company $15,940.95 for shoes previously sold and delivered to the bankrupt. Subsequent to March 3, 1926, the Shoe Company shipped to the bankrupt merchandise invoiced at $40,306.87 and the bankrupt paid to the Shoe Company $19,457.08. From February 13, 1926, to July 13, 1926, the value of the shoes in the stock of the bankrupt shipped by this Shoe Company was at all times in excess of 50 per cent. of the total value of the bankrupt's stock of merchandise.

On July 13, 1926, an involuntary petition in bankruptcy was filed against the bankrupt. The Shoe Company filed a petition for reclamation of 3,639 pairs of shoes which it had shipped to the bankrupt, and which were in the hands of the receivers in bankruptcy. The following paragraphs of the contract between the parties are sufficient to show whether the contract was one of consignment or of sale:

"We reserve the right to cancel any merchandise ordered and not shipped within five working days from completion delivery date. We further reserve the right to return any shoes that do not reasonably conform to the sample or are not the same sizes ordered. This reservation, however, must be exercised within five days from date of receipt of goods, and, if it is not so exercised, it shall be deemed that we have accepted the merchandise.

"No title or right therein shall be vested in us. We are to sell the merchandise in the usual and ordinary course of business. For so selling the merchandise we are to receive as compensation the amount by which the price received for the merchandise exceeds those prices set forth in your invoices of said merchandise. All black shoes and tan calf shoes shall be invoiced us at $3.10 per pair; all colored kid shall be invoiced us at $3.35 per pair or at such prices as may hereafter be agreed upon. As an additional compensation we may deduct from the invoice price 7 per cent. * * *

"If we return to you any merchandise for any cause whatsoever other than factory damaged, you may sell the same at private sale without notice to us, and if at such sale the merchandise brings a less price than that which it was originally consigned to us or invoiced, we agree that we will pay to you the difference between what the merchandise was sold for at such sale or sales by you and that price which it was originally consigned at or invoiced us.

"We agree that, by the act of selling to any person, firm, or corporation, we guarantee the account so sold, and guarantee the credit and reliability of the person, firm or corporation so sold. We agree that, where

merchandise is sold and we are unable to collect for the same, we will pay you for such merchandise, within 75 days from the date of the said sale, the value of the merchandise so sold, which value shall be the price or prices at which the same was consigned or invoiced to the consignees, less 7 per cent. * * * No merchandise shall be removed from our place of business in Baltimore, nor sold, except in the usual and ordinary course of business. We shall keep all merchandise delivered us by you insured to its full value in your name and for your benefit, without cost to you. This insurance shall cover fire, theft and water damage. In the event of any loss through fire, theft, or water, or other unavoidable casualty, the proceeds shall be paid over to you up to the invoice value of said merchandise, less seven per cent. (7%). * * *

"There shall be a liquidating period of three months after such notice, during which time we shall sell your merchandise in the usual course of business, and continue to send the weekly remittances and accounts as set forth above. At the end of the three-months period, you shall have the right to enter in and upon our premises wherever the goods sold may be located, and repossess yourself of the same without being guilty of trespass or violation of any of the conditions hereof, and you have the right to sell all merchandise taken by you to any person, firm or corporation, and we agree, in the event the merchandise is sold for less than it was billed or invoiced us, to pay you your loss or the difference between the price received at such sale and the price at which the merchandise was originally billed or invoiced us, less seven per cent. (7%). * * *

"We further agree that we will pay you in any event for all merchandise ordered and received by us and remaining unsold three months from the date of shipment."

[1, 2] While it is true that the paper writing is called a consignment, and that the bankrupt agreed to act as consignee, factor, or agent for the sale of the Shoe Company's merchandise, still the contract must be construed from a careful consideration of the entire language employed in the document, and the court is not bound by the name which the parties see fit to term themselves in the contract. It is less difficult to arrive at a proper construction by determining the benefits accruing and the burdens borne by the parties. It will be seen that the bankrupt had no right to return the merchandise shipped for any cause and be discharged from liability, except where the shoes failed reasonably to conform to the sample or were not the sizes ordered. No right was reserved to the Shoe Company to accept the unsold merchandise and terminate the contract. The bankrupt was required at all events to pay the Shoe Company the invoice price of the shoes either in cash or, in the event the merchandise was returned and sold at a less price, the bankrupt was required to pay the difference. The same practical result obtained in the event of the bankruptcy or failure of the bankrupt. There was no reservation of title, except for the purpose of securing the debt. The contract cannot, under such circumstances, be a contract of consignment. In re Columbus Buggy Co. (C. C. A.) 143 F. 859; In re Galt (C. C. A.) 120 F. 64.

Interesting distinctions between contracts of this character and of conditional sales will be found in the cases of In re Shiffert (D. C.) 281 F. 284, and Wood Co. v. Croll (C. C. A.) 231 F. 679; also see In re Garcewich (C. C. A.) 115 F. 87 and In re Roellich (D. C.) 223 F. 687. The case of Ludvigh v. American Woolen Co., 231 U. S. 522, 34 S. Ct. 161, 58 L. Ed. 345, illustrates the rule, although in that case the contract was construed as one of consignment, but on the ground that the vendor had the right at all events to have the goods returned.

[3] If the contract was not one of consignment, it was necessary for it to be recorded under the laws of Maryland. Section 55 of article 21 of the Annotated Code of Maryland is as follows:

"55. Every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded; and such recording shall be sufficient to give actual or constructive notice to third persons, when a memorandum of the paper writing, setting forth the date thereof, the amount due thereon, when and how payable and a brief description of the goods and chattels therein mentioned shall have been recorded, but it shall not be necessary that said paper writing be acknowledged or an affidavit made to the consideration therein expressed as in the case of bills of sale."

The trustee in bankruptcy may assert the

rights of creditors under this statute. It is therefore unnecessary to determine, for the purposes of this decision, whether the Maryland statute in regard to agents and factors would control in this case.

We find no error in the record, and the decree of the District Court is affirmed.

Affirmed.