L. M. KENT v. POLK GROCERY COMPANY.

179 So. 136.
Division A.
Opinion Filed February 9, 1938.

*S. Colquitt Pardee, Mattie W. Tompkins* and *S. Colquitt Pardee, Jr.,* for Plaintiff in Error;

*Thos. A. McNicholas,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of the plaintiff in attachment in a suit on the claim affidavit of a third party.

Section 3430 R. G. S., 5283 C. G. L., provides: "If any attachment shall be levied upon property claimed by any person other than the defendant in attachment, such person may, at his option, replevy the same or interpose a claim in the manner provided in case of execution."

Section 2830 R. G. S., 4517 C. G. L., provides the manner in which possession of property levied upon under execution may be obtained by a third person claiming title and right of possession thereto and Section 2832 R. G. S., 4519 C. G. L., provides for the trial of the rights of property under the claim affidavit.

When claim is interposed to property taken under execution or levy of attachment the rights of the claimant become the subject of the separate and independent suit.

All questions raised by plaintiff in error here have been settled adversely to his contention by former decisions of this Court.

In Claflin Co. v. Harrison, *et al.,* 44 Fla. 218, 31 Sou. 818, it was held that, "One who interposes a claim under the statute to property levied upon by virtue of a writ of attachment cannot be permitted to prove at the trial of such claim that no valid levy of the attachment had been made."

In Cohen, *et al.,* v. Harris, *et al.,* 61 Fla. 137, 54 Sou. 905, it was held: "In claim proceedings the claimant must recover upon the strength of his own title and right to possession of the property claimed."

In the same case it was held: "In a claim proceeding under the statute, it is improper and erroneous to permit either the claimant or his attorney to testify as to consultations between them and conversations had, or advice given by the attorney to the claimant, at which the opposing party in interest was not present."

In the case of First National Bank v. Wittich, 33 Fla. 631, 15 Sou. 552, it was held: "A mortgage covering a stock of merchandise under which the mortgagor is permitted, by agreement or understanding with the mortgagee, to retain possession and sell in the usual course of business the mortgaged goods is fraudulent and void as to creditors of the mortgagor."

By analogy it must be held that an agreement by which the vendor of a stock of goods, wares and merchandise which is sold and delivered to a vendee to be disposed of in the usual course of trade attempts to retain title to such stock of goods, wares and merchandise is fraudulent and void as to creditors of the vendee. See Ackman v. Munnerlyn, 32 Fla. 367, 13 Sou. 922, and Wylly-Gabbett Co.

v. Williams, 53 Fla. 872, 42 Sou. 910; Gilbert v. Peppers, 64 S. E. 361, 36 L. R. A. (New Series) 1181.

The fifth and sixth questions challenge the sufficiency of the verdict. The question of the sufficiency of the verdict is raised for the first time in this Court and, therefore, cannot be relied upon for reversal. We may say in passing, however, that the verdict was as follows:

"We, the jury, in the above entitled cause, find that the right of property is with the plaintiff in attachment against the claimant, L. M. Kent, and subject to the attachment issued in this cause as to the stock of goods, wares and merchandise levied upon: That in all other items included in the property levied upon the right of property is with the claimant, L. M. Kent: We further find the value of the goods, wares and stock of merchandise levied upon is more than the sum of $500.00. So say we all, This November 10th, 1936."

In General Motors Acceptance Corporation, *et al.,* v. Judge of the Circuit Court, 102 Fla. 924, 136 Sou. 621, it was held: "Where the intent of the jury in rendering the verdict may fairly and with certainty be gleaned from the words used and no objection appears to have been made to the form of the verdict when the same was presented to the Court, the form thereof is waived."

So we hold the verdict sufficient.

The judgment should be affirmed and it is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN. and CHAPMAN, J. J., concur in the opinion and judgment.