## McKAIG v. COMMERCIAL CREDIT CORPORATION.
### In re ELLIS.
#### No. 10047.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1942.

Nathan R. Graham and Paull E. Dixon, both of Tampa, Fla., for appellant.

J. Douglas Arnest, of Sarasota, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Unsuccessful below in his efforts to repossess five automobiles which had, prior to bankruptcy, been sold to and afterwards reclaimed from the bankrupt, under five separate conditional sales contracts,[1] the trustee has appealed from the order denying his petition. Pointing out that though there are provisions in the contracts

---

[1] Each contract contained a provision that "title to said merchandise shall remain in the seller until said total prices are paid in full to seller in cash." Each prohibited appellant from lending, renting, mortgaging, pledging, encumbering, operating, using or demonstrating the automobile. Each, while providing "dealer may sell said merchandise at retail in its regular course of business", also provided that the dealer should forthwith deliver to the seller from the proceeds thereof, the amount unpaid in cash and that until such delivery, debtor shall "hold the entire proceeds in form as received, in trust for seller, separate and apart from dealers own funds."

purporting to retain title, each authorizes sale, in the dealer's regular course of business, of the automobile it covers, appellant insists that within the rule of Kent v. Polk Grocery Company, 131 Fla. 139, 179 So. 136, the contracts are, on their face, ineffective as conditional sales contracts and void as to creditors. A further insistence is that if sufficient on their face to protect appellee, they are insufficient in fact to do so because they do not truly represent the transaction in which the parties were engaged, but are a mere cloak under which they transacted a general credit business with sales absolute in fact if not in form, giving the purchaser full and complete dominion over the cars and the seller a security invalid as against creditors.[2] Appellee insists that the automobiles were sold and held in fact as well as in form, under conditional sales contracts which, under settled Florida law, protect the seller until the purchase money is paid.[3]

Pointing to the district judge's findings that such departures as there were from the provisions of the contracts, in the case of cars other than the ones in question, were not substantial, and to the fact that as to the particular automobiles in question here, there had been no departures but each had been held strictly in accordance with its contract, it insists that the judgment was right and should be affirmed.

■ We agree with appellee. Whatever may be the rule in other states, it has long been settled in Florida that a conditional sales contract retains the title and protects the seller in the payment of his money even though the articles covered by the contract are exposed for sale and this is so though a different rule applies to a chattel mortgage. In Southern Hardware & Supply Co. v. Clark, 5 Cir., 201 F. 1, on the authority of the Florida cases sustaining conditional sales contracts, the seller's right to reclaim an automobile, sold as here, under a conditional sales contract, was affirmed. Whereas in General Securities Co. v. Driscoll, 5 Cir., 271 F. 295,

on the authority of First National Bank v. Wittich, 33 Fla. 681, 15 So. 552, we denied the right of a mortgagee to reclaim an automobile which he had allowed the mortgagor to retain possession of and sell in the usual course of business.

■ Kent v. Polk Grocery Co., 131 Fla. 139, 179 So. 136, 137, relied on by appellant as doing away with the distinction theretofore made in Florida, between a chattel mortgage on, and a conditional sale of, an automobile, does not have that effect. What was held invalid there was an agreement as to a stock of goods exposed for sale. The words, conditional sale, do not appear in the opinion nor is the contract dealt with in it, set out so that its terms may be examined. All that the case is authority for is that, "by analogy to" the holding of the Wittich and similar cases, that a mortgage covering a stock of merchandise under which the mortgagor is permitted to retain possession of and sell the mortgaged goods in the usual course of business, is fraudulent and void as to creditors of the mortgagor, "it must be held that an agreement by which the vendor of a stock of goods, wares, and merchandise which is sold and delivered to a vendee to be disposed of in the usual course of trade attempts to retain title to such stock of goods, wares, and merchandise is fraudulent and void as to creditors of the vendee." The Florida cases holding that conditional sales of property, other than a stock of goods, are valid, are not overruled, criticized, or even referred to, and subsequent to that decision, the Supreme Court of Florida, without referring to it, has reaffirmed the validity of conditional sales. But if it be assumed that the decision is authority for the view that a bald attempt to retain title in the face of provisions and conduct inconsistent therewith, is ineffective against creditors, this would not avail appellant here. For the provisions of the conditional sales contracts under review, were consistent only with the theory of retention of title to, and dominion over, the

[2] Cf. Scott County Milling Co. v. Grayson, 5 Cir., 88 F.2d 190; Taylor v. Fram, 2 Cir., 252 F. 465; First National Bank v. Wittich, 33 Fla. 681, 15 So. 552; General Securities Co. v. Driscoll, 5 Cir., 271 F. 295; Citizens' American Bank & Trust Co. v. Driscoll, 5 Cir., 279 F. 748.

[3] Southern Hardware & Supply Co. v. Clark, 5 Cir., 201 F. 1; Commercial Credit Co. v. Davidson, 5 Cir., 112 F. 2d 54; Campbell Printing Press & Mfg.

Co. v. Walker, 22 Fla. 412, 1 So. 59; Hudnall v. Payne, 39 Fla. 67, 21 So. 791; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, 25 A.L.R. 312; Tropical State Bank v. Sunshine State Motor Co., 137 Fla. 703, 188 So. 595; Tucker v. Crown Corp., 136 Fla. 517, 183 So. 740, 119 A.L.R. 1102.

property by the seller, and were wholly inconsistent with the passage of title by absolute sale and complete delivery of possession with a bare mortgage back. Indeed, so restrictive of his ownership and control are the covenants under which the dealer held possession of the cars, that even if mortgages in form, they would, under Florida law, be valid on their face as against creditors of the mortgagor. Cf. First National Bank v. Wittich, supra, and Garrett & Co. v. Mercantile Nat. Bank of Miami Beach, 5 Cir., 120 F.2d 821.

But says appellant, these provisions of the conditional sales contracts, do not represent the real contract between the parties. That contract as shown by the dealings between them, in entire disregard of those provisions, was a contract for the extension of credit under a general plan of operation. This plan required neither the segregation of the cars, with their withdrawal from use until sold, nor the handling of each car as a separate transaction from all the rest, with the holding of the proceeds of each sale, separate and apart, as property of the seller, and the immediate payment thereof to him.

We agree with the district judge rather than with appellant, that such departures from the terms of the contracts, as were shown with reference to other cars, are insufficient to support a finding as to the cars in question, that the covering conditional sales contracts were abandoned as to them and new contracts made. In Southern Hardware & Supply Co. v. Clark, supra, the court rejecting a similar contention, held the evidence offered in reference to other cars disposed of in earlier transactions, insufficient to affect or impair the written contract involving the particular car in controversy. The cases appellant relies on, particularly our case of Scott County Milling Company v. Grayson, supra, are not in point. That was not a conditional sale contract, as was Edgewood Shoe Factories v. Stewart, 5 Cir., 107 F.2d 123, in which the claim was sustained. What was claimed in Scott's Case was a consignment for sale, and the court there found: "This agreement was not reduced to writing, and there was some conflict in the testimony of appellant's witnesses as to just what was agreed upon." There was a further finding: "Nothing in the record evinces any intention of the parties that appellant be permitted to repossess the merchandise. The whole course of dealings indicates that each delivery was a sale on very limited and closely supervised credit." Here, as was said of a similar agreement in Southern Hardware & Supply Co. v. Clark, the agreement is in writing and is sufficiently clear to show what was intended, nor is there anything in the general course of the dealings to impair the effect of the agreement as to the cars in question.

The judgment was right. It is affirmed.