BERRY EDWARDS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. In a judicial trial the verdict is a part of the record proper, and any defect alleged to be upon the face of the verdict should be determined in the trial court upon a motion in arrest of judgment.

2. It is not essential that a verdict of assault with intent to commit murder shall state the degree of murder.

3. All fair intendments consistent with the record should be in-

dulged in favor of the verdict that is responsive to the issues made by the pleadings.

4. A verdict of assault with intent to commit murder is sufficient upon a proper indictment to warrant a sentence for an assault with intent to commit murder in the first or second degree, the penalty being the same in either degree. Intent to commit murder is not an element of murder in the third degree under our statute.

This case was decided by Division A.

Writ of Error to the Circuit Court for Liberty County.

The facts in the case are stated in the opinion of the court.

*Rivers H. Buford,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—The plaintiff in error was convicted on a charge of assault with intent to commit murder. The only contention made here on the writ of error is that the verdict is improper because it does not state the degree of murder the defendant intended to commit when the assault was made.

The verdict is a part of the record proper and any defect appearing upon the face of it should be determined upon a motion in arrest of judgment. Harris v. State, 53 Fla. 37, 43 South. Rep. 311.

Assuming that the point raised is properly presented in the absence of a motion in arrest of judgment simply by being assigned as error here, it cannot be sustained.

The law prescribes the same punishment for an assault with intent to commit murder in the first degree, as in the second degree, and intent is not an element of

murder in the third degree. The statutes of the state do not require or make it necessary that a verdict of assault with intent to commit murder shall state the degree of murder. See Davis v. State, 35 Fla. 614, 17 South. Rep. 565; Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Jordan v. State, 50 Fla. 94, 39 South. Rep. 155; Pyke v. State, 47 Fla. 93, 36 South. Rep. 577; Williams v. State, 41 Fla. 295, 26 South. Rep. 184.

Section 3208 of the General Statutes requires verdicts to state the degree of murder of which the defendant is found guilty, but it does not apply to verdicts of assault with intent to commit murder.

The indictment charged Berry Edwards with an assault with intent to murder Samuel Dyer. A plea of not guilty was entered. The verdict should be read in connection with the indictment. When so considered the intention of the jury to find the defendant guilty of the offense charged is clearly apparent. O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Freeman v. State 50 Fla. 38, 39 South. Rep. 785. Having ascertained the intention of the jury as expressed in the verdict, the legal meaning and effect of the verdict are to be determined. All fair intendments consistent with the record are to be indulged in favor of the verdict. Albritton v. State, 54 Fla. 6, 44 South. Rep. 1045; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678. The effect of the language used in the verdict is to find the defendant Berry Edwards guilty of the offense charged in the indictment, viz: An assault with intent to commit murder. The punishment for assault with intent to commit murder in the first degree or in the second degree, is the same, being imprisonment in the penitentiary not more than twenty years. If there can be an assault with intent to commit murder in the third degree, the punishment could not exceed ten years' imprisonment.

The verdict is sufficient to warrant a sentence for an

assault with intent to commit murder in the first or second degree, the penalty being the same in either degree. As the plaintiff in error was sentenced to two years' imprisonment, he cannot complain here that the verdict rendered against him is insufficient to support the sentence.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.