TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

---

MAL TAYLOR AND NATHAN C. JOHNSON, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 5, 1925.

1. The verdict is a part of the record proper, and alleged defects in the form of the verdict should be determined in the trial court upon motion in arrest of judgment.

2. Several defendants, jointly indicted, were put upon trial. At the conclusion of the evidence a motion, on behalf of one of them, for an affirmative charge was granted, whereupon he was called as a witness and testified on behalf of the State, over the objections of the other defendants on trial on the ground that he had been present in the court room and heard the evidence of the other witnesses. *Held*: that allowing him to testify as a witness was in the sound discretion of the trial court and not error.

3. Recitals in a motion for new trial are not evidence or proof of the truth of the facts stated or asserted in such motion.

4. Evidence examined and found sufficient to sustain the verdict.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Affirmed.

*A. Lee Humphreys* and *W. H. Wilson,* for Plaintiffs in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

WEST, J.—Plaintiffs in error, Mal Taylor and Nathan C. Johnson, were indicted jointly with Henry Blackman and Henry Winney upon a charge of murder. There was a severance as to Henry Blackman. Plaintiffs in error and Henry Winney were put upon trial. At the conclusion of the testimony there was a motion on behalf of defendant Henry Winney for an affirmative charge, which was given. Thereupon the State Attorney asked permission to withdraw the announcement that the State rested, which was granted. The defendant Henry Winney was then called as a witness for the State. The verdict found "the defendants" guilty of murder in the first degree and recommended mercy. There was a motion for new trial as to Winney, which was granted, and the case against him *nol prossed.* To review the judgment writ of error was taken from this court.

It is contended that the verdict is defectve in form in that neither the court nor the venue is stated. The record recites that the jury returned into court and rendered "the following verdict," copying it. The verdict is in the usual form, finding the defendants guilty of murder in the first degree with recommendation to mercy, and is signed by the foreman. Generally, a verdict in a criminal case is the finding by a jury upon issues of fact submitted to them. It is a part of the record proper. The court and venue are things with which the jury have nothing to do. So that, if a recital of the court and venue in the verdict was consistent with the record, it would be of no value, and if in-

consistent, would ordinarily be disregarded as surplusage. Furthermore, ''the true rule is that when a verdict is upon its face so defective as a matter of record that judgment cannot legally be entered thereon, then a motion in arrest of judgment is the proper way to assail it.'' Harris v. State, 53 Fla. 37, 43 South. Rep. 311; Edwards v. State, 54 Fla. 40, 45 South. Rep. 21. The question was not presented by motion in arrest of judgment.

It is contended that there was error in the ruling permitting the defendant Henry Winney to testify as a witness on behalf of the State on the ground that he had been present in the court room and heard the evidence of all the other witnesses. Being one of the accused on trial, it was necessary that he be present. The matter of allowing him to testify was in the discretion of the court. Hughes v. State, 61 Fla. 32, 55 South. Rep. 453; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701.

The record recites that during the progress of the trial, while the witness, Henry Winney, purported to give in detail the circumstances of the alleged homicide, the sister of the deceased in the Court-room made an outcry whereupon, on motion of counsel for defendants, the court recessed until the following day. This occurrence is one of the grounds of the motion for a new trial, where the facts are set out at length. Recitals in a motion for a new trial are not evidence of the facts stated. Nickels v. State, 86 Fla. 208, 98 South. Rep. 497; Richardson v. State, 28 Fla. 349, 9 South. Rep. 704; McNealy v. State, 17 Fla. 198. So far as the record discloses, all that the defendants asked at the time of the incident was granted.

The principal contention here is that the verdict and judgment are not supported by the evidence. The witness, Henry Winney, testifying for the State, asserted that he was present and that the defendants, Mal Taylor

and Nathan C. Johnson, with Henry Blackman, assaulted the deceased, John Powell, murdered and robbed him, and left his body where it was later found. There was considerable evidence tending to impeach and discredit this witness, but the jury, whose province it was to pass upon the credibility of the evidence, seemed to regard it as worthy of belief, and this conclusion has the sanction of the trial judge. Henry Blackman was tried separately and found guilty of murder in the first degree with recommendation to mercy. The evidence in that case was substantially the same as the evidence in this case. On Writ of Error from this Court in that case it has been held that! the overruling of the motion for new trial upon the ground that the verdict and judgment were not supported by the evidence was not error. Blackman v. State, opinion filed August 2, 1924.

No error is made to appear, so the judgment is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.