GENERAL MOTORS ACCEPTANCE CORPORATION, et al., vs. JUDGE OF THE CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.

136 So. 621.

En Banc.

Opinion filed September 15, 1931.

*S. Grover Morrow,* for Petitioners.

BUFORD, C.J.—This case comes to us on petition for certiorari to be directed to the Circuit Court of the Eleventh Judicial Circuit of Florida, Dade County.

John J. Quinn Company sued John C. Whippo, et al., in the Civil Court of Record, Dade County. The plaintiff sued out attachment which was levied on an automobile. General Motors Acceptance Corporation filed claim affidavit and bond under the provisions of section 3430 R. G. S., 5283 C. G. L. The issue presented by the claim affidavit came on to be tried under the provisions of section 2832 R. G. S., 4519 C. G. L. The verdict was in favor of the plaintiff and was as follows: "We, the jury, find the right of property to be in the plaintiff". We hold that this verdict is equivalent to the simple finding of a verdict in favor of the plaintiff as was held to be all that was essential in the case of Geiger vs. Henry, 44 Fla. 208, 32 Sou. 874.

In the case of Valdosta Mercantile Company vs. White a verdict like that here under consideration was criticised adversely by this Court; but the Court did not in that case hold that the verdict would not sustain the judgment entered, but simply held that the verdict was

not in proper form. We think that, as was recognized in that case, the intent of the jury in rendering the verdict may fairly and with certainty be gleaned from the words used and that as no objection appears to have been made to the form of the verdict when the same was presented to the Court the form thereof was waived.

In this case the officer levying the writ as is alleged in the condition of the bond given by the claimant fixed the value of the property at $1800.00. There was no evidence shown by the record submitted at the trial as to the value of the property and, therefore, the rule as stated in Geiger vs. Henry, supra, applied.

The claimant took writ of error from the circuit court to the judgment of the civil court of record. While the matter was pending in the circuit court the Circuit Judge denied a motion to amend the bill of exceptions, which is one of the grounds of petition for certiorari here. It is not necessary to determine whether the Circuit Judge was in error in this regard or not, because whether the bill of exceptions had been amended as suggested or had remained as originally presented the Circuit Court must have affirmed the judgment of the civil court of record, because in the trial of the case the claimant utterly failed to prove that it had the right to present possession of the property. The claimant introduced in support of its claim a conditional sales contract entered into between one Foster, who was defendant in this suit, and Ungar Buick Company, apparently a dealer, which contract had been assigned by Ungar Buick Company to General Motors Acceptance Corporation but there was no proof that any right of possession had accrued to the plaintiff under such contract. There was no proof that Foster had not paid for the automobile and thereby acquired clear title to the property in lieu of the conditional title which he acquired at the time the automobile was purchased.

This case must not be confused with a suit on a note or a suit in which a conditional sales contract is treated as a mortgage and is sought to be foreclosed. In those cases the holder and owner of a note and mortgage is entitled to recover upon proper pleadings and proof of the instruments involved, and to prevent such recovery there must be a plea tendering some issue which would constitute a defense. But in this case no pleadings are required. The burden is upon the claimant to show title and that it has a right to present possession of the property and such title and right to present possession is not proven by offering in evidence an original conditional sales contract with oral evidence that such contract was purchased by the claimant and that it is owner and holder of that paper. The evidence must go further and show that the purchaser under that contract has not perfected his title and right of possession by payment of the purchase price. In this case the claimant failed to present evidence to the court and jury upon which a verdict could have properly been rendered in its favor and, therefore, in any event it was necessary for the Circuit Court to affirm the judgment of the Civil Court of Record.

To issue the writ of certiorari would be a vain and useless thing. It could only result, at best, in an order quashing the judgment of the Circuit Court upon the ground that the amendment to the bill of exceptions had not been allowed and, if such order were made, it would then go back for the Circuit Judge to go through with the useless form of allowing the amendment to the bill of exceptions and thereupon affirming the judgment as has already been done.

So it is that the writ of certiorari should be denied and it is so ordered.

Denied.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.
ELLIS, J., not participating.