CHRISTIAN FROST v. MAX DURSHCLAG, *et al.*

157 So. 188.
Opinion Filed October 26, 1934.

Philip D. Beall, for Plaintiff in Error;
J. McHenry Jones, for Defendant in Error.

DAVIS, C. J.—At the trial of an ejectment suit the jury

returned its verdict for the plaintiffs, and the court entered its judgment thereon in the following form:

"Now on this day came the parties, plaintiffs and defendant, and their attorneys and announced ready for trial, whereupon came the jury of six good and lawful men of Escambia Connty, Florida, to-wit: J. W. Smith, Philip Ethridge, C. N. Hinson, C. E. Driver, J. S. Bowman, J. S. Greenwood, who were duly elected, impaneled and sworn to well and truly try the issues herein joined, the taking of evidence begun and concluded, argument of counsel had, after which the jury retired to consider of their verdict and after deliberating thereon for sometime returned into Court and presented their verdict in words and figures following, to-wit:

" 'We, the jury find for the plaintiffs and that they are seized of a fee simple title to and entitled to the possession of the following described property, to-wit: that portion of the John B. Cazenave Grant, being Section Fifty, Township two South, Range Thirty West in Escambia County, Florida, now occupied by the defendant, Christian Frost, and containing seventy-five acres, more or less. So say we all.

" 'C. E. Driver,<br>
" 'Foreman.' "

"Wherefore, it is considered by and the judgement of the Court is that that plaintiffs, Max Durschlag, William Durschlag and Henry Durschlag, are the owners in fee simple and entitled to the possession from the defendant, Christian Frost, of the following described lands to-wit:

"That portion of the John B. Cazenave Grant, being Section Fifty, Township two South, Range thirty West, in Escambia County, Florida, now occupied by the defendant, Christian Frost, and containing seventy-five acres more or

less, and that the plaintiffs, Max Durschlag, William Durschlag, do have and recover from the defendant, Christian Frost, the fee simple title in and to the hereinabove described lands and that they do have and recover the possession thereof from the said defendant, and that writ of possession do issue therefor. It is further considered by the Court that said plaintiffs do have and recover of and from the defendant, all the costs of these proceedings here taxed in the sum of $15.21 to be levied of the lands, tenements, goods and chattels of the said defendant, and to the said plaintiffs rendered and that execution do issue therefor."

The description of the property as set forth in the verdict and judgment is identical with that set forth in plaintiff's declaration. To that declaration neither demurrer, motion nor any other objection appears to have been interposed on the ground of insufficiency of description of the land sued for as described in the declaration, to lay the predicate for a verdict conformable to Section 5046 C. G. L., 3238 R. G. S., providing for form of verdict and character of judgment required to be entered in ejectment cases, wherein a recovery by plaintiff is had.

On writ of error sued out to the aforesaid judgment, an objection to the sufficiency of the verdict is raised by plaintiff in error for the first time on appeal. This objection is by an assignment of error to the effect that the verdict in the cause fails to describe the land recovered, by metes and bounds or by the number of the lot or other certain description, as required by Section 5046 C. G. L., *supra.*

The verdict in a cause tried at law is a part of the record proper, and alleged defects in the form of the verdict should be determined in the trial court upon motion in arrest of judgment, which is the proper way to assail it for defects appearing on its face. Taylor v. State, 88 Fla. 555, 102

Sou. Rep. 884; Sawyer v. State, 94 Fla. 60, 113 Sou. Rep. 736; Harris v. State, 53 Fla. 37, 43 Sou. Rep. 311; Hogan v. State, 42 Fla. 562, 28 Sou. Rep. 763; Edwards v. State, 54 Fla. 40, 45 Sou. Rep. 21.

Where the verdict in an ejectment suit conforms to the statute (Section 5046 C. G. L., 3238 R. G. S.) in all particulars save an alleged insufficient description of the land required to be stated in it where recovery is for plaintiff, but the land is described in the verdict just as it was described in the declaration, to which description of land as stated in the plaintiff's declaration no objection was raised in the trial court, by demurrer, motion, or otherwise, an assignment of error raising for the first time in the appellate court an objection to the sufficiency of the verdict as to the land description set forth in it, will not be sustained.

This is so notwithstanding the general rule that the effect of a statute, such as ours, may be to require that the verdict and judgment in an ejectment proceeding wherein plaintiff prevails, shall describe to a common intent, the precise piece, parcel or tract of land recovered with such particularity that the sheriff can locate it without evidence extrinsic of the judgment and writ of *habere facias possessionem* issued to carry the judgment into execution. See Bradford v. Sneed, 174 Ala. 113, 56 Sou. Rep. 532.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.