## ALEX PERRY v. STATE.

160 So. 664.

Division B.

Opinion Filed April 8, 1935.

*W. J. Oven, James Messer, Jr.,* and *W. J. Oven, Jr.,* for Plaintiff in Error.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Writ of error brings for review judgment of conviction of plaintiff in error in the Circuit Court of Leon County of the offense of unarmed robbery from the person.

It is contended that the case should be reversed, first, because the evidence is insufficient to sustain the judgment;

and second, because the verdict reading: "We, the jury, find the defendant guilty. So say we all" is indefinite and uncertain in a case where two or more defendants are tried together under one charge.

The record shows that the plaintiff and another were tried jointly.

There is sufficient evidence in the record to sustain the verdict if the same was believed by the jury and the verdict indicates that the jury did believe that evidence which, if believed, was sufficient to constitute a basis for the verdict against the defendants.

The record further shows that new trial was granted to the co-defendant, one Hall, and thereupon the case against Hall was nol-prossed at the request of the States Attorney.

The record does not show that the defect in the verdict was called to the attention of the court prior to judgment and sentence. Neither was it brought to the attention of the court by motion in arrest of judgment.

In Taylor v. State, 88 Fla. 555, 102 Sou. 884, we said:

"The true rule is that when a verdict is upon its face so defective as a matter of record that judgment can not legally be entered thereon, then a motion in arrest of judgment is the proper way to assail it."

In Edwards v. State, 54 Fla. 40, 45 Sou. 21, we held:

"The verdict is a part of the record proper and any defect appearing on the face of it should be determined upon motion in arrest of judgment."

Aside from this, however, it appears that upon motion of the Attorney General the record in this case was remanded to the court below and the verdict as shown by the record was corrected to conform with the true verdict as the same appeared on file in the clerk's office and by that correction, which is certified to by the Clerk of the Circuit Court of

Leon County, the verdict is shown to have read: "We, the jury, find the defendants guilty. So say we all."

Therefore, the record, as corrected, shows no uncertainty in the verdict.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—Counsel for plaintiff in error makes the point that only the verdict of a jury *as recorded* can be considered by an appellate court as the verdict in the case and that the original written verdict *on file* is not sufficient for the transcript of the record in this court. I agree with this contention on the part of plaintiff in error, but even so, it does not appear that in the absence of a motion in arrest of judgment, the point raised can be sustained. Had a motion in arrest of judgment been made the lower court could have amended the *record* of the verdict to conform to the written verdict as signed by the foreman and received and filed for recording before the jury was discharged, where the verdict appeared not to have been correctly recorded in the minutes.