### HARDER, et ux v. BOWSER.

Circuit Court, Pinellas County.

January 16, 1956.

Shackleford, Farrior, Shannon & Stallings, Tampa, for plaintiffs.

Barton & Enwright, St. Petersburg, for defendant.

ORVIL L. DAYTON, Jr., Circuit Judge.

Plaintiffs Charles and Mary Kathleen Harder, husband and wife, sued defendant Lawrence Bowser to recover damages for personal injuries sustained as a result of an automobile collision. Plaintiff Charles Harder was driving an automobile owned by his wife at the time it collided with the automobile owned and driven by the defendant. The defendant pleaded contributory negligence on the part of plaintiff Charles Harder.

The jury rendered its verdict at the close of the trial, as follows—

"We, the jury, find for the plaintiffs, Charles Harder and Mary Kathleen Harder, and against the defendant, Lawrence Bowser, and assess their damages at $*none* for Charles Harder and *$17, 500. 00* for Mary Kathleen Harder, making a total of *$17,500.00.*"

Defendant moves for a new trial or in the alternative a judgment notwithstanding the verdict. The matter now stands upon disposition of these motions.

Defendant contends that the form of the verdict rendered indicates that the jury found that the plaintiff Charles Harder was guilty of contributory negligence as evidenced by the jury's failure to award him any damages. Defendant strongly relies on Atlantic Coast Line Ry. Co. v. Price (Fla.), 46 So. 2d 481, contending that the case is "almost exactly parallel" to the instant case as to the form of verdict and attendant circumstances. The form of verdict in that case was as follows—

"We, the jury, find for the plaintiffs and assess their damages as follows:

| | |
|---|---|
| For A. E. Price | $0000 |
| For Olive Price | $1,250.00 |
| For Margery Price | $ 300.00 |
| For Tommy Price | $ 150.00 |

So say we all."

In the instant case the jury was charged, inter alia—". . . If you find the plaintiff to have been guilty of negligence directly contributing to his injury, even in a slight degree, the plaintiff, nor either of them, should recover and your verdict in that event should be for the defendant."

In the Price case the Supreme Court said at page 483—"What happened is perfectly clear and understandable. The court prepared and handed to the jury two forms of verdicts, one to be used if they found for the plaintiffs and another to be used if they found for the defendant. It did not occur to anyone that in a suit by four occupants of the same car, all members of the same family, alleged to have been injured in the collision, the jury might not return a verdict common to all plaintiffs. When they arrived at the conclusion that three plaintiffs should prevail and the fourth should not, they used the form of verdict that seemed more appropriate, and simply wrote zeros opposite the name of the losing plaintiff, A. E. Price. This seems to us very natural."

The court further said that the general finding in the jury's verdict for the plaintiffs under the circumstances as they existed in that case was "mere surplusage." It is the opinion of this court that the present case is not controlled by the principles enunciated in the Price case because of an entirely different factual situation. In that case it was possible for the jury to render separate verdicts for individual plaintiffs, whom the jury thought should prevail, and against any plaintiffs whom the jury found should not prevail. That situation does not exist in the present case. Plaintiff and his wife were acting in concert, any contributory negligence of the plaintiff husband as driver of the car was imputable to the plaintiff wife as owner of the automobile—and the jury was so instructed.

The evidence in the instant case shows that the plaintiff husband sustained only nominal damages, with no permanent injuries, a $3.25 hospital bill and medical expenses of $125. Plaintiffs contend that since the husband sustained damages only nominal when

compared to his wife's he is not allowed any recovery under the verdict, but that his wife should be compensated in the sum of $17,500.00.

In the court's opinion the verdict rendered in this case includes two significant statements, first, the general finding for the plaintiffs, which under the facts of the Price case was held to be "mere surplusage" inasmuch as separate awards were possible, and, second, the particular finding for the plaintiff, Charles Harder, he being named in the verdict, which was not done in the Price case, together with the positive finding *against* the defendant.

For the court to say that the jury's verdict was inconsistent and improper because of the failure to award damages to the plaintiff, Charles Harder, despite the jury's statement in plain language that they found for the plaintiff, Charles Harder, by name, and against the defendant, would in the court's opinion open the door to a substitution of the court's judgment based on little more than speculation and conjecture for that of the jury who heard and considered the evidence. Defendant's motions are therefore denied.