301 So.2d 35 (1974)
Francis James WHILDEN, Appellant,
v.
STATE of Florida, Appellee.
No. T-114.
District Court of Appeal of Florida, First District.
October 3, 1974.
Louis O. Frost, Jr., Public Defender, James O. Brecher and Ronald B. Cosgrove, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
SPECTOR, Acting Chief Judge.
Appellant was caught by the police while hiding behind a tire rack inside a BP Service *36 Station after hours. The station's cash register was open; appellant's pockets were filled with change; and the station owner's gun was beside him. Appellant was consequently arrested and charged with breaking and entering with intent to commit a felony.
Appellant went to trial and the jury returned a verdict as follows:
"We, the jury, find the defendant guilty of breaking and entering or entering without breaking with intent to commit a misdemeanor."
Judgment was then entered for the same "offense".
Appellant contends, among other things, that the verdict does not comport with law or reason and we are to some extent compelled to agree. We know of no such alternative offense as that for which appellant was convicted.
However, there is a long line of cases which stand for the proposition that the form of the verdict must be objected to in the trial court prior to the discharge of the jury. Taylor v. State, 88 Fla. 555, 102 So. 884 (1925); General Motors Acceptance Corp. et al. v. Judge of Circuit Court, 102 Fla. 924, 136 So. 621 (1931); Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla.App. 1964); Kent v. Polk Grocery Co., 131 Fla. 139, 179 So. 136 (1938); Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927).
In General Motors Acceptance Corp., supra, the court stated:
"... [where] the intent of the jury in rendering the verdict may fairly and with certainty be gleaned from the words used, and that, as no objection appears to have been made to the form of verdict when the same was presented to the court, the form thereof was waived."
The record in the instant case shows affirmatively that counsel for appellant stated when asked by the trial judge that he had no objection to the verdict form.
The court has also held in Roberson v. State, 45 Fla. 94, 34 So. 294 (1903), that the information and the record may be resorted to in order to ascertain the intent of the jury as manifested by their verdict. See also O'Neal v. State, 54 Fla. 96, 44 So. 940 (1907). It is, of course, fundamental in our system that a jury may render a verdict on any lesser included offense of the offense charged, Coppolino v. State, 223 So.2d 68 (Fla.App. 1968).
Applying these principles to the case at bar, we believe that upon failure of appellant to object to the form of the verdict below, it is incumbent upon us to ascertain the intent of the jury verdict by resort to the record. It is obvious from the facts presented and from the verdict itself that the jury found the appellant guilty of a lesser included offense, as was its prerogative.
In order to give effect to the jury's findings, we remand with instructions to enter judgment and sentence on the lesser of the included offenses referred to in the verdict. Since said judgment and sentence to be entered on remand is corrective in nature and will be lesser than that already pronounced earlier, the presence of the defendant before the trial court will not be required at the time of such corrective action.
Appellant has raised other points on appeal which we find to be substantially without merit.
BOYER and McCORD, JJ., concur.