404 So.2d 769 (1981)
Danny M. ROBBINS and Janice L. Robbins, Appellants,
v.
Jim GRAHAM, et al., Appellees.
No. 80-1352.
District Court of Appeal of Florida, Fourth District.
September 16, 1981.
Rehearing Denied October 28, 1981.
Joseph A. Vassallo and Allan J. Taylor of Vassallo & Varner, P.A., Palm Springs, for appellants.
Daniel H. James of Hamilton, James, Merkle & Young, West Palm Beach, for appellees.
STONE, BARRY J., Associate Judge.
Plaintiffs appeal an order granting defendants' motion for new trial based upon the trial judge's determination that the verdicts were "inconsistent."
It is apparent on their face that each of the forms of the jury verdict signed by the foreman on behalf of the jury in fact were irregular. The jury had been furnished with six forms of verdict, some of which were intended to have been executed and some of which were intended not to have been executed depending upon the jury's verdict. The jury was given one form of verdict in favor of the defendant, as to each separate defendant, and one in favor of the plaintiffs, as to the claim against each separate defendant, with a space provided for the amount of compensatory and punitive damages against each defendant. It was anticipated that three forms would be returned signed, one in favor of either of the plaintiff or the defendant as to the plaintiffs' claim against each defendant, and that three forms would be returned unsigned. Instead, all of the proposed verdict forms were returned by the jury signed. However, on each of the signed verdict forms the jury did insert additional language that made those forms that should not have been signed perfectly consistent with the appropriately signed forms, thereby leaving no question as to the jurors' intent.
The jury returned the following forms:
"WE, the jury find for the defendant, James Graham, Inc. SO SAY WE ALL."
"WE, the jury, find for the plaintiffs and against the defendant, JAMES GRAHAM, INC., a Florida corporation and assess compensatory damages at *770 $9,500.00, and punitive damages at $0.00. SO SAY WE ALL."
"WE, the jury, find for the plaintiffs and against the defendant, A.R. WALTHERS and assess compensatory damages at $0.00 and punitive damages at $885.00. SO SAY WE ALL."
"WE, the jury find for the Defendant, A.R. Walthers. SO SAY WE ALL."
"WE, the jury, find for the plaintiffs and against the defendant, JIM GRAHAM and assess compensatory damages at $0.00. SO SAY WE ALL."
"WE, the jury, find for the Defendant, Jim Graham. SO SAY WE ALL."
On the first four above quoted verdict forms the jury also made a notation of "guilty," and on the last two above quoted verdict forms the jury also made a notation of "not guilty."
With respect to the two defendants found to be liable, and against whom damages were assessed, the jury inserted the amount of damages found against each on the forms provided for that purpose, while on the form that was intended only to be used in the event the jury had found in favor of such defendants the jury inserted in ink, clearly, the word "guilty." As to the other defendant whom the jury obviously intended to find without liability, the jury inserted the words "not guilty" on both forms of verdict applicable to that defendant and inserted "$0.00" dollars on the form that the jury was to have used in the event that the jury had found in favor of the plaintiffs and against that defendant.
Although the forms of verdict, as returned, were in fact irregular, we find that the appellees waived these irregularities and that the appellees were not entitled to a new trial. The appellants are, accordingly, entitled to judgment in accordance with the verdicts rendered.
The intent of the jury is clear as to all issues. There is no doubt that they intended to find the defendant, James Graham, Inc. and A.R. Walthers liable for the amount of the damages set forth on the forms of verdict against each and to find the defendant, James Graham, individually, without liability to the plaintiffs.
Any possible doubt as to the otherwise clear intent of the jury was eliminated by the questioning that occurred by the court of the foreman in which the answers were unequivocal as to the intent of the jury. There is no doubt that the foreman correctly enunciated the intent of the jury inasmuch as the polling of the jury following the questioning of the foreman confirmed that each juror intended the result as stated by the foreman.
In Atlantic Coast Line R. Co. v. Price, 46 So.2d 481 (Fla. 1950) the jury was considering the claims of four separate plaintiffs in four separate actions against the railroad and were furnished with two verdict forms, one for plaintiffs and one for the defendant. The jury returned the following form:
"We, the jury, find for the plaintiffs and assess their damages as follows:

 For A.E. Price $0000
 For Olive Price $1250.00
 For Margery Price $ 300.00
 For Tommy Price $ 150.00
 "So say we all."

At 482.
Just as in this case, the intent of the jury in Atlantic Coast Line R. Co. v. Price, supra, was "perfectly clear and understandable."
The court concluded, in Atlantic Coast Line R. Co. v. Price, supra, at 483:
Although the form of the verdict was imperfect when the jury made it apply where there was a finding against one plaintiff and for the others, still we think their intent was plain, and this, after all, is the test. No objection was made at the time the verdict was presented, and we understand it did not occur to court or counsel that there was any irregularity until after the jury had dispersed. In such circumstances, exception to the form was waived. General Motors Acceptance Corporation v. Judge of Circuit Court, 102 Fla. 924, 136 So. 621.
Since the substance of the verdict was, in this case, clearly ascertainable and internally consistent, we treat the irregularities purely as a matter of form and not substance. *771 Further, the court and counsel recognized the inconsistencies at the time the jury was still present, and under circumstances where the problem could have been corrected if a timely objection had been made and the issue re-submitted to the jury with appropriate additional instructions. It should also be noted that in this case we are not dealing with issues of bias or prejudice on the part of the jury, nor does it involve issues of a constitutional or fundamental character.
Objections to the form of the verdict, under these facts, must be timely made and failure to object resulted in a waiver by appellee. See Atlantic Coast Line R. Co. v. Price, supra; Tidwell v. Toca, 362 So.2d 85 (Fla. 3d DCA 1978); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973); General Motors Acceptance Corp. v. Judge of Circuit Court, supra. Errors of form, where the intent of the jury is otherwise clear, should be raised on the spot, notwithstanding the fact that it might be to the defendant's benefit to remain silent and subsequently seek a new trial. This principle is founded on the concept of fundamental fairness. Relitigation would deprive the appellants of their earned verdict and give the appellees an unearned additional bite at the apple.
We hold that the defendants' failure to object to the otherwise irregular form of the verdicts constituted a waiver of the defects contained therein and, therefore, the defendants were not entitled to a new trial.
The judgment of the trial court granting a new trial is reversed and this cause is remanded with directions for the entry of a judgment consistent with the terms of this order and the jury's verdict.
REVERSED.
LETTS, C.J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring:
Immediately after the verdicts were returned the jurors were polled without objection and unanimously indicated that they wished to find the corporate defendant and the defendant Walthers guilty and assess compensatory damages of $9500.00 against the corporate defendant and punitive damages of $885.00 against the individual defendant Walthers. The defendants made no claim at that time that the jury's findings were inconsistent.
The liability of the corporate defendant, James Graham, Inc., was predicated solely on the liability of its agents, Jim Graham or A.R. Walthers. The defendants claim that the jury's verdict was inconsistent because no compensatory damages were awarded against Walthers or Graham while damages were assessed against the corporation. If neither of the individuals are found liable, the defendants assert, then the corporation could not be liable. Hence the inconsistency. However, I agree with Judge Stone that the defendants, if dissatisfied with the apparent inconsistency, had an obligation to object before the jury was discharged. The jury could have been informed that they could not hold the corporation liable for compensatory damages without also holding one of the individuals liable and the matter would have been resolved with the same jury. On the other hand it appears rather clear that the jury did find one of the individuals liable; i.e., the jury clearly declared that it had found Walthers "guilty" and also assessed punitive damages against him, although choosing not to assess compensatory damages against him. I agree that under this court's decision in Lindquist v. Covert, cited in Judge Stone's opinion, the defendants had an obligation to object to the inconsistency as to compensatory damages before the jury was discharged.

OPINION ON REHEARING
PER CURIAM.
The appellees' petition for rehearing is denied.
*772 LETTS, C.J., and STONE, BARRY J., Associate Judge, concur.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring:
Although I agree that the petition for rehearing should be denied, I note that the Third District has reached a result contrary to our own on facts not dissimilar to those involved herein. See Keyes Company v. Sens, 382 So.2d 1273 (Fla. 3d DCA 1980).