603 So.2d 109 (1992)
SWEET PAPER SALES CORP., a Florida corporation, Appellant,
v.
Beverly FELDMAN, Appellee.
No. 91-1883.
District Court of Appeal of Florida, Third District.
August 4, 1992.
Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale, Alan L. Landsberg, Hollywood, for appellant.
Fine, Jacobson, Schwartz, Nash, Block & England, Linda Ann Wells and Joanne M. Rose, Goldfarb & Gold, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.

ON MOTION FOR CLARIFICATION
NESBITT, Judge.
On consideration of appellee's motion for rehearing or clarification, we grant the motion, withdraw our opinion filed May 26, 1992, and substitute the following opinion in lieu thereof.
This is an appeal from an order finding inconsistency in a jury verdict and granting a new trial on damages in a personal injury case. We reverse the order under review and instruct the trial court to reinstate the verdict and enter judgment thereon.
Beverly Feldman was the supervising accountant taking inventory at the Sweet Paper Sales Corporation on the day of the incident which forms the basis for this suit. *110 Her job included counting various items stacked on shelves throughout the Sweet Paper facility. A warehouse supervisor drove the vehicle from which Feldman worked. When the counting was finished, the supervisor began to drive Feldman back to the company's ground floor office. Feldman claims that the driver stopped the vehicle short, whereupon Feldman fell from the vehicle, and sustained various head, neck, and back injuries.
There was conflicting evidence on the nature and extent of Feldman's injuries and whether or not the pain she claimed was a result of the accident. The jury was instructed without objection and the verdict form read to them, by the judge, also without objection. The verdict form read, in part:
4. What is the amount of any damages sustained for medical expenses and lost earnings or earning ability in the past?
$41,614.56
5. What is the amount of any future damages for medical expenses and lost earning ability to be sustained in future years?
(a) Total damages over future years? $5,000.
(b) The number of years over which those damages are intended to provide compensation? Lifetime.
(c) What is the present value of those future damages? ____
6. What is the amount of any damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life?
(a) In the past? $60,000.
(b) In the future? $0.
There was no objection to the verdict as returned by the jury. Before being discharged, the jury was polled and all agreed that this was their verdict. Feldman raised no objection at that time, but later filed a motion for new trial as to damages, raising twelve separate grounds. Thereafter, the trial judge ordered the plaintiff entitled to a new trial on damages, "based on the inconsistency in the jury verdict." Appellant argues that there was no inconsistency in the jury's verdict and further, that any such claim was waived when not raised before the jury was dismissed. We agree.
The jury instruction did not differentiate future damages for lost lifetime earnings and future damages for medical expenses, but rather lumped them in a single question. The jury awarded $5,000 in damages for lost lifetime earning ability combined with future medical expenses. At the same time, it awarded zero dollars for future pain and suffering. We conclude these awards were consistent and supported by ample record evidence. Further, while the jury's award for past lost earning ability and medical expenses, combined, was in the exact amount of plaintiff's past medical expenses, the jury was in no way precluded from concluding that whatever pain was related to plaintiff's accident injuries had ended by the time of trial. As in Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981) and Atlantic Coast Line R.R. v. Price, 46 So.2d 481 (Fla. 1950), the intent of the jury was perfectly clear and understandable and the verdict clearly ascertainable and internally consistent.
A verdict is clothed with a presumption of regularity and is not to be disturbed if supported by the evidence. Gould v. National Bank of Florida, 421 So.2d 798, 802 (Fla. 3d DCA 1982). In the instant case, the evidence demonstrated the verdicts were not inadequate or inconsistent. Further, any inconsistency problem appellant now claims was obvious when the verdicts were returned and could have been corrected or preserved for review by additional instructions or a special verdict form. Appellee's failure to object to the verdict  on issues not of a constitutional or fundamental character  constituted a waiver. Gould at 802, citing Robbins at 769. See Moorman v. American Safety Equip., 594 So.2d 795 (Fla. 4th DCA 1992); see also Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). As noted in Robbins, 404 So.2d at 771, "relitigation would deprive the appellants of their earned verdict and give *111 the appellees an unearned additional bite at the apple." See Keller Indus., Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982).
Accordingly, we reverse the order under review and remand with directions for the entry of judgment consistent with the terms of this order and the jury's verdict.