PER CURIAM.
The defendant, Winn-Dixie Stores, Inc. [Winn-Dixie], appeals from that portion of an order denying its motion for a new trial on liability, and the plaintiff, Rosa Cooper, cross-appeals from that portion of an order granting Winn-Dixie’s motion for a new trial on damages. We affirm, in part, and reverse in part.
First, on the direct appeal, we find that the trial court properly denied the defendant’s motion for a new trial on liability where comparative negligence is an issue properly left to the jury and the verdict was not against the manifest weight of the evidence. Rowlands v. Signal Constr. Corp., 549 So.2d 1380, 1383 (Fla.1989). Therefore, we affirm that portion of the trial court’s order denying a new trial on liability.
Next, on the cross-appeal, a review of the record shows that Winn-Dixie failed to raise its objection to the inconsistency of the verdict before the jury was discharged thereby depriving the trial court of the opportunity to correct any alleged error. Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109, 110 (Fla. 3d DCA 1992). This failure to object constituted a waiver. Sweet Paper Sales, 603 So.2d at 110. Therefore, we reverse that portion of the trial court’s order granting a new trial on damages and remand for entry of judgment in accordance with the jury’s verdict.
Affirmed, in part; reversed, in part, and remanded with directions.