# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-2592 & 3D14-1386
Lower Tribunal No. 09-66784

_____

**Giller Group, Ltd., etc.,**
Appellant/Cross-Appellee,

vs.

**Brian Giller, etc., et al.,**
Appellees/Cross-Appellants.

Appeals from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge, and Judith L. Kreeger, Senior Judge.

Howard J. Hollander; Keith D. Silverstein, for appellant/cross-appellee.

Andrew B. Peretz and Jacob M. Resnick (Fort Lauderdale), for appellees/cross-appellants.

Before WELLS, EMAS and LOGUE, JJ.

EMAS, J.

In this consolidated appeal, Giller Group, Ltd. appeals from a final judgment and a final order denying Giller Group, Ltd.'s motion to set aside verdict and for new trial. In their cross-appeal, Brian Giller, individually and as trustee of the Norman Giller Trust, appeal from the trial court's orders that: directed a verdict in favor of Giller Group, Ltd. on three counts of Brian Giller's counterclaim based on lack of standing; entered summary judgment in favor of Giller Group, Ltd. on Brian Giller's counterclaims for money lent, breach of fiduciary duty, indemnity and gratuitous assumption of risk; and imposed sanctions upon Brian Giller for discovery violations.

We affirm the final judgment and the trial court's order denying Giller Group, Ltd.'s motion to set aside verdict and for new trial, as the claim was not properly preserved by a contemporaneous objection to the form of the verdict. See Progressive Select Ins. Co. v. Lorenzo, 49 So. 3d 272, 276 (Fla. 4th DCA 2010) (observing that "Florida courts have required any objection to the form of the verdict to be made before the discharge of the jury to allow correction of a correctable error. Higbee v. Dorigo, 66 So. 2d 684, 685 (Fla. 1953). When that verdict is rendered and 'no objection appears to have been made to the form of verdict when the same was presented to the court, the form thereof was waived.' General Motors [Acceptance Corp. v. Judge of Circuit Court], 136 So. [621] at 622

[(Fla. 1931)]. This requirement has withstood the test of time and remains the law today.") (Additional citations omitted.)

As to the claims raised in Brian Giller's cross-appeal, and upon our de novo review, we affirm the trial court's order directing a verdict in favor of Giller Group, Ltd. on Brian Giller's counterclaims for breach of contract, negligent misrepresentation and breach of warranty, given the absence of any evidence at trial to establish Brian Giller's standing as a trust beneficiary. We also affirm the summary judgment orders in favor of Giller Group, Ltd. on Brian Giller's counterclaims for money lent, breach of fiduciary duty, indemnity and gratuitous assumption of risk.

Finally, we find no abuse of discretion in the trial court's determination that Brian Giller failed to comply with discovery requests and its decision to award attorney's fees incurred by the opposing party in an effort to obtain compliance. See Fla. R. Civ. P. 1.380(a)(4),(b). Compare Channel Components, Inc. v. Am. II Elec., Inc., 915 So. 2d 1278, 1283 (Fla. 2d DCA 2005) (holding that where the court imposes "a monetary sanction or fine unconnected to the expenses (such as attorneys' fees) caused by the failure to provide discovery," such a sanction "must be predicated upon a finding of contempt.").

Affirmed.